IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHNATHAN WHITE,**<br><br>Plaintiff,<br><br>vs.<br><br>**NORTHERN STATE PRISON**<br><br>Defendants. | Civil Action No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JOHNATHAN WHITE ("White" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, bring this Collective Action Complaint against Defendants NORTHERN STATE PRISON ("Defendant" or "Northern State Prison") and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt worker– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

1

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt duties for the Defendants in Newark, Middlesex County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Northern State Prison was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

**PARTIES**

8. Plaintiff White is an adult individual who is a resident of Newark, Middlesex County, New Jersey.

9. Plaintiff White was employed by Defendants full time as a laborer, performing duties, from in or about February, 2008, through in or about July, 2014.

10. Upon information and belief, the Defendants own, surveillance delinquents throughout the State of New Jersey.

11. Upon information and belief, the Defendant Northern State Prison is headquartered in Newark, Middlesex County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant Northern State Prison employs individuals to perform labor services on behalf of the Defendant Northern State Prison. Upon information and belief, at all times relevant to this Complaint, the Defendant Northern State Prison's annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, the Defendant Northern State Prison was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## FACTS

14. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

15. Plaintiff White routinely worked five (5) days per week and on average approximately forty-two and a half (42.5) hours per workweek on behalf of Defendants but was not fully compensated for all of his overtime hours worked.

16. Upon information and belief, employees similarly situated to Plaintiff were also not compensated for their hours worked in excess of forty (40) hours per work week.

17. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

18. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

3

Case 2:33-av-00001 Document 21882 Filed 07/31/14 Page 4 of 6 PageID: 582918

19. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

20. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

21. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

22. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

23. The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who have worked overtime hours in one or more work periods, on or after July 31, 2011, and were not properly compensated for hours worked in excess of forty (40) within a work week.

24. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

4

Case 2:33-av-00001 Document 21882 Filed 07/31/14 Page 5 of 6 PageID: 58299

25. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 27 above.

26. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

27. All similarly situated employees of the Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

28. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

29. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

30. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

31. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 33 above.

32. Defendants' aforementioned conduct is in violation of the NJWHL.

33. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

34. Plaintiff and similarly situated employees demand a jury trial.

5

WHEREFORE, Plaintiff JOHNATHAN WHITE, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants NORTHERN STATE PRISON for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: July 31, 2014

Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
Lawrence Office Park
168 Franklin Corner Road
Bldg. 2, Suite 220
Lawrenceville, NJ 08648
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiffs*

6