<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHERN STATE PRISON,<br><br>    Defendant. | Civil Action No. 14-4779 (JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant's Motion to Dismiss the Complaint. No opposition to the motion was filed. The Court has considered the submissions of Defendant in support of the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons that follow, Defendant's Motion to Dismiss is granted.

**I.     BACKGROUND**

Plaintiff filed the instant action against Northern State Prison ("NSP") on behalf of himself and others employed by NSP as "full time laborer[s]," alleging that they are entitled to overtime pay pursuant to the Fair Labor Standards Act, 29 U.S.C. § 200 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL").

Defendant filed the instant motion to dismiss, arguing that state entities like NSP are not "employers" under the NJWHL, and NSP, as a state entity, is immune from suit pursuant to the Eleventh Amendment on both Plaintiff's NJWHL and FLSA claims.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), courts must dismiss a complaint if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). Standing is a jurisdictional matter and thus "a motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b) (1)." *Ballentine v. U.S.*, No.1999–130, 2006 U.S. Dist. LEXIS 96631, *3, 2006 WL 3298270 (D.V.I. Sept. 21, 2006) (adopted by *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir.2007)). Under Rule 12(b)(1), courts must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party. *Id.* Motions to dismiss under Rule 12(b)(1) may be treated as either a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Elec., Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). Under a facial attack, the movant challenges the legal sufficiency of the claim and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.* In reviewing a factual attack, however, the challenge is to the actual alleged jurisdictional facts. Thus, in that instance courts are free to consider evidence outside of the pleadings. *Id.* Finally, once a 12(b)(1) challenge is raised, the burden shifts to the plaintiff to demonstrate the existence of subject matter jurisdiction. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

### B. Federal Rule of Civil Procedure 12(b)(6)

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.

2008) (citing *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215–16 (3d Cir. 2002)). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  DISCUSSION

New Jersey's Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL") does not apply to state governmental entities.  *Allen v. Fauver*, 327 N.J. Super. 14 (App. Div. 1999), aff'd, 167 N.J. 69 (2001); *see also* N.J.A.C. 12:56-7.2 ("'employer' within N.J.S.A. 34:11-56a1 does not include government employers").  Because NSP is a governmental entity, it is not subject to the NJWHL.  As such, Plaintiff's NJWHL claim will be dismissed.

Under the Eleventh Amendment, a federal court is prohibited from hearing a suit against a state unless the state has consented to such a suit. *Camden Cnty. Recovery Coal. v. Camden City Bd. of Educ. for Pub. Sch. Syst.*, 262 F. Supp.2d 446, 448 (D.N.J. 2003). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

This Amendment not only prohibits suits against a state by citizens from other states, but it also prohibits suits against a state by its own citizens, *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 100 (1984), and bars suits "against a state agency or department," *Kish v. Verniero*, 212 B.R. 808, 814 (D.N.J. 1997). "A subdivision of the state itself is also not a 'person' if it is merely an alter ego or 'arm' of the state." *Longoria v. State*, 168 F. Supp.2d 308, 315 (D.N.J. 2001) (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 658-59 (3d Cir.), *cert. denied*, 493 U.S. 850 (1989)). Thus, even where the state is not a named party to the action, the suit will be barred so long as the state is the real party in interest. *Camden Cnty. Recovery Coal.*, 262 F. Supp.2d at 448. "Therefore, absent waiver, neither a State, nor agencies under its control may be subjected to lawsuits in federal court." *Doe v. Div. of Youth and Family Servs.*, 148 F. Supp.2d 462, 483 (D.N.J. 2001). Moreover, regardless whether the suit is for monetary damages or injunctive relief, the Eleventh Amendment bars suits against a state in federal court. *Camden Cnty. Recovery Coal.*, 262 F. Supp.2d at 448. A state correctional facility is a state entity or agency of the state. *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 539 (D.N.J. 1989).

Plaintiff's FLSA and NJWHL claims against NSP must be dismissed pursuant to the Eleventh Amendment. Because NSP is clearly an agency of the State of New Jersey, it is immune from suit for money damages in federal court pursuant to the Eleventh Amendment. Therefore, the Complaint will be dismissed with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. An appropriate Order accompanies this Opinion.

DATED:  July 14, 2015

                                                <u>s/ Jose L. Linares</u>
                                                JOSE L. LINARES
                                                U.S. DISTRICT JUDGE